UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ANTHONY RICHARDSON,

                      Plaintiff,                                **ORDER**
                                                                     16-CV-2068 (KAM) (PK)

              - against -

CITY OF NEW YORK CORR. CAPTAIN SELLERS and
RESPONSE TEAM CORRECTION OFFICERS, AMKC (C-95)
and C.O. COLON,

                      Defendants.
------------------------------------------------------------X

**Peggy Kuo, United States Magistrate Judge:**

      On April 26, 2016, Plaintiff Anthony Richardson, currently incarcerated at the Anna M. Kross Center ("AMKC") on Rikers Island, filed this *pro se* action against City of New York Corr. Captain Sellers, Response Team Correction Officers, AMKC (C-95), and C.O. Colon ("Defendants"), alleging the violation of Plaintiff's civil rights pursuant to 42 U.S.C. § 1983. Plaintiff's application to proceed *in forma pauperis* under 28 U.S.C. § 1915 is granted. The Clerk of Court is directed to issue a summons against Captain Sellers and C.O. Colon, and the United States Marshals Service is directed to serve the summons and complaint upon Defendant Captain Sellers and Defendant C.O. Colon, employed as correction officers at AMKC, without prepayment of fees.

      Plaintiff also sues unidentified AMKC correction officers from Captain Sellers's response team, who were allegedly involved in the March 26, 2016 events that give rise to Plaintiff's complaint. (Compl. 4, Dkt. 1.) However, the United States Marshals Service will not be able to serve these unidentified defendants without further identifying information. The problem encountered by Plaintiff is a common one, as it is frequently difficult for a *pro se* litigant to identify individual law enforcement officers. In *Valentin v. Dinkins*, 121 F.3d 72 (2d Cir. 1997) (*per curiam*), the Second Circuit made clear that a *pro se* litigant is entitled to assistance from the district court in identifying such a defendant.

Accordingly, the Court hereby requests the Corporation Counsel for the City of New York to ascertain the full names of the correction officers on Captain Sellers's response team who were employed on March 26, 2016, and to provide within 45 days from the date of this Order the addresses where the defendant correction officers can be served. Corporation Counsel need not undertake to defend or indemnify these individuals at this juncture. This Order merely provides a means by which Plaintiff may name and properly serve these defendants as instructed by the Second Circuit in *Valentin*. Once this information is provided, Plaintiff's complaint shall be deemed amended to reflect the full name and badge number of these correction officers, an amended summons shall be issued, and the Court shall direct service on these defendants.

The Clerk of Court shall serve a copy of this Order and a copy of the complaint and *in forma pauperis* application on the Corporation Counsel for the City of New York, Special Federal Litigation Division.

**SO ORDERED:**

*Peggy Kuo*
PEGGY KUO
United States Magistrate Judge

Dated: Brooklyn, New York
　　　May 25, 2016